**Jim FAIR, Plaintiff,**

**v.**

**Tom ADAMS, Secretary of State, State of Florida, Defendant.**

**Civ. A. No. 993.**

United States District Court
N. D. Florida,
Tallahassee Division.

Sept. 4, 1964.

Jim Fair, in pro. per., Tampa, Fla.

James W. Kynes, Atty. Gen. of Florida, Hal S. McClamma, Tallahassee, Fla., for defendant.

CARSWELL, Chief Judge.

It is unnecessary to refer to each of the separate grounds asserted on defendant's motion to dismiss plaintiff's complaint since the Court has determined that the motion is well taken on the specific ground that there is no actual case in controversy between this plaintiff and this defendant.

Assuming all of the allegations of plaintiff's complaint to be true, the Court cannot glean a justiciable issue which it would be authorized or required to resolve. This is so whether the complaint, as amended, is considered as a prayer for declaratory decree, as alleged, or as any other remedy available at law or equity.

The complaint, as amended, says, in pertinent parts, that the plaintiff is a taxpayer and qualified elector in Hillsborough County, Florida; that the defendant is a duly elected public official of the State of Florida and is charged under the state law with the qualification of candidates who seek national and state elective offices; that the plaintiff attempted to qualify as a candidate for the office of United States Representative on March 3, 1964 but that he failed to submit a qualifying fee as required by state law because he concluded that the statute setting the fee and its amount is unconstitutional. It is further set forth that the defendant did not place plaintiff's name on the primary ballot as a candidate for such office.

This complaint, as noted above, was filed on May 25, 1964. It was amended September 4, 1964. The Court notes that the primary in which plaintiff sought to be a candidate was held on May 5, 1964 some weeks before this complaint was filed. It is apparent, therefore, that neither this, nor any other Court, could resolve any issues raised on the merits of this complaint in any manner which would result in this plaintiff's name being placed on the ballot of primary concluded several weeks earlier. To this the plaintiff argues that, even if this be true, he might want to become a candidate in some future primary, and that upon this possibility he is entitled to a definitive pronouncement with reference to the reasonableness of the State of Florida's filing fees now. It might be argued, with equal validity, that the statute may not be the same by the time the next qualifying date recurs.

While it is clear that one of the salutary purposes of the declaratory decree statute is to afford a prompt determination of genuine legal controversies so that a complaining party may with dispatch extricate himself from a predicament unlawfully imposed upon him, the remedy of declaratory decree, however, was never intended to be an instrument to be used by those merely curious or dubious as to the true state of the law no matter how meritorious they conceive their theory to be.

At no time since the filing of this complaint has it been possible for this plaintiff or any other person to qualify as a candidate in any primary within the State of Florida for some future tenure of office. Neither the state statutes which establish the time in which a candidate must qualify nor any of the other related statutes with respect to qualifications are under attack here. The sole thrust of the complaint is directed to the alleged unconstitutionality of that state statute which requires the payment of a filing fee and which establishes the amount thereof.

There is a clear and adequate opportunity for anyone truly confronted with unconstitutional requirements to test the law and receive relief. As noted before, the declaratory decree statutes are quick and ready tools in such endeavor. But the courts do not render advisory legal opinions devoid of any practical effect upon the complainant whether he complain in his own individual capacity or as a member of some class of persons.

The Court concludes, therefore, that there is simply no actionable case in controversy presented by this complaint and that there is no justiciable issue upon which it would be authorized to render an opinion. Nor is there presented here a real, as distinguished from hypothetical, attack upon the constitutionality of a state statute which would impel the invocation of a three judge United States District Court under the provisions of Title 28 United States Code § 2281 et seq. It is, therefore, upon consideration, hereby

Ordered that motion of defendant to dismiss the complaint be and it is hereby granted with prejudice.