Francisco A. MUNOZ et al., Appellants,

v.

Guadalupe AMADOR et al., Appellees.

No. 21827.

United States Court of Appeals
Fifth Circuit.

Jan. 15, 1965.

Gerald Weatherly, Laredo, Tex., for appellants.

Luther E. Jones, Jr., Corpus Christi, Tex., for appellees.

Before MARIS,* RIVES and BROWN, Circuit Judges.

PER CURIAM.

This suit was brought by some 15 named plaintiffs suing as a class of voter-citizens of Starr County, Texas, F.R.Civ. P. 23(a)(1)(3) against some 15 or 20 named defendants representing, in turn, a class of defendants numbering approximately 800 each of whom was alleged to have been issued a 1964 Texas poll tax receipt without proper payment or application. Jurisdiction was based on the Civil Rights Statute, 42 U.S.C.A. §§ 1983, 1985, 28 U.S.C.A. § 1343, on the theory, alleged in conclusory terms, that this action resulting from a conspiracy between one or more of such defendants and the County Tax Collector, who strangely enough was not named or sued as a defendant, diluted the vote of the complainant-citizen-voters and their class. Cf. United States v. Saylor, 1944, 322 U.S. 385, 64 S.Ct. 1101, 88 L.Ed. 1341; Hague v. C. I. O., 1939, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423.

The case was, however, presented to the District Court and again to us in briefs and until the tag end of the oral argument, entirely on the basis of a suit for declaratory relief, 28 U.S.C.A. §§ 2201, 2202. The relief sought was a declaration that the defendant-voters were not entitled to vote in the election to be held November 3, 1964. Of course that date is now history, as is the election and the selection of the certified winners, national, state and local. The

* Of the Third Circuit, sitting by designation.

case as brought, expressly submitted to the District Court, and resubmitted to us in the same context, is therefore moot as to that election. Nothing we, or the District Court, could do, or even want to do, could ever recall the events of that date. And save the possible election contests maintainable solely in the Texas State Courts, the same is true as to these voter-plaintiffs or voter-defendants. Nor is there any vestige of an Article III declaratory case or controversy left, for under Texas law poll taxes issued on or before February 1, 1964 (as these were) lose all vitality for voting on January 31, 1965. Texas Election Code, arts. 5.-01, 5.02, 5.09–5.22, V.A.T.S. (Supp. 1964). Neither this record, nor any information furnished to the Court indicates that within this brief period of time will any election, national, state, county, or municipal, be held within Starr County.

Dismissed as moot.