Amos Basel, J.
Gn October 3, 1965 the defendant, Austin Strauss, set up a table, 4 feet by 4 feet, on the sidewalk close to the curb 30 feet south of the corner of Sixth Avenue and Eighth Street in Greenwich Village. The table contained literature opposing American foreign policy in Viet Nam and condemned our armed intervention there. An American flag was attached to the table. The defendant had planned to speak on his opposition to our Viet Nam action from this site.
*1007 A police officer observed a crowd of people near defendant’s table. The officer requested the defendant to move the table, defendant refused and stated he had a constitutional right to erect a table for the purpose of informing passers-by, who wished to listen, of his opposing views on American foreign policy in Viet Nam by speaking and distributing literature.
The defendant was given a summons charging him with violating section 755(3)-2.1 of the Administrative Code of the City of New York (“ Littering prohibited ”).
The defendant was brought to trial on November 18, 1965. After the trial started the People, by stipulation of counsel, amended the charge to allege a violation of section 755(2)-7.0, because the code section had been renumbered.
After the testimony of the police officer and during his cross-examination, a mistrial was agreed to by all counsel “ in the interests ” of justice and so directed by the court, and an order to that effect was ordered on the record. The same day the defendant was again tried before a new Judge for a violation of section 692h-1.0 of the Administrative Code and this is the instant case. This section reads as follows: “ Tt, shall be unlawful for any person, except as otherwise provided in this code, to incumber or obstruct any street, dedicated or acquired for public use, with any article or thing whatsoever.”
The testimony established that the street was obstructed by the table and by passers-by attracted by the table and by the defendant’s activities. But pedestrians, who were not interested in the defendant’s point of view, were able to pass by and were not unnecessarily impeded or seriously inconvenienced.
(1) The defendant’s claim of double jeopardy is, in my opinion, without merit. ITis counsel, in his presence, consented to the mistrial and to the new trial, and he knowingly participated and agreed to each step in the prosecution of the Administrative Code offense for which he was tried.
(2) The second defense, which alleges that the statute is unconstitutional as applied to this defendant because it violates his right to freedom of expression, requires a more thorough examination.
The sidewalk, according to the testimony, was partly obstructed but pedestrians could pass and no one was seriously inconvenienced by the presence of the table and crowd it attracted. The statute provides a blanket restriction against any obstruction and the defendant must be found guilty if the law is constitutional as applied to him.
The question thus posed is, can a municipality regulate the use of its streets in so broad a fashion as to limit freedom *1008 of expression and of assembly. A prohibition against incumbrances would remove the possibility of placing a soap box, a sound truck and, as in this case, a table and an American flag upon the sidewalk no matter what the purpose.
The Supreme Court of the United States has, on numerous occasions, passed on the use of statutes which regulate safety and convenience by limiting free expression. (See Lovell v. Griffin, 303 U. S. 444; Hague v. C. I. O., 307 U. S. 496; Schneider v. State, 308 U. S. 147; Thornhill v. Alabama, 310 U. S. 88; Cantwell v. Connecticut, 310 U. S. 296; Cox v. New Hampshire, 312 U. S. 569; Largent v. Texas, 318 U. S. 418; Saia v. New York, 334 U. S. 558; Kovacs v. Cooper, 336 U. S. 77; Niemotko v. Maryland, 340 U. S. 268; Kunz v. New York, 340 U. S. 290; Poulos v. New Hampshire, 345 U. S. 395.)
The rationale of the decisions is that there must be a balance between free expression and public convenience. This balance must insist that free expression not be throttled by a claim that a sidewalk is being incumbered. On the other hand, freedom cannot be used to unnecessarily ■ impede public safety and convenience.
In the instant case there is no proof that anyone was seriously inconvenienced.
The use the statute is put to by the People in the instant case is unconstitutional in my opinion. (See Cox v. Louisiana, 379 U. S. 536, 559.) In that case, a street obstruction statute was similarly used to attempt to throttle free speech. The conviction of defendants who were peacefully demonstrating was reversed.
Our form of freedom is under world-wide attack and we can best preserve it by adhering to its basic principles. We must recognize that the time has “ upset many fighting faiths ” and that the unpopular causes of today often become our heritage of tomorrow. To throttle opposition, to still the voice of protest, is a goal of totalitarianism and is the enemy of our great heritage.
If we refuse to allow anti-Viet Ham voices to be raised in Greenwich Village on the ground that a sidewalk is obstructed, our fight in Viet Ham loses its meaning. The ultimate victory we seek is the triumph of a free society and one basic difference between that society and the ‘ ‘ bamboo curtain ” is that here we have the right to disagree, the right to espouse unpopular causes, the right to question and debate our foreign policy in Viet Ham or elsewhere even though it may partially incumber a. street.
As Mr. Justice Goldberg said in Cox v. Louisiana (supra, p. 574): “ We reaffirm the repeated holdings of this Court that *1009 our constitutional command of free speech and assembly is basic and fundamental and encompasses peaceful social protest, so important to the preservation of the freedoms treasured in a democratic society.”
The pedestrians on Sixth Avenue near Eighth Street were not so inconvenienced on the night of October 3 as to justify a police officer in stilling the voice of defendant’s protest.
The defendant is found not guilty.