Jim **FAIR**, Appellant,

v.

John **DEKLE**, Supervisor of Registration, and James F. Taylor, Clerk of the Circuit Court, Appellees.

No. 22688.

United States Court of Appeals
Fifth Circuit.

Oct. 21, 1966.

Warren M. Cason, John W. McWhirter, Jr., Tampa, Fla., for appellee James F. Taylor, Jr.

W. Crosby Few, Tampa, Fla., for John Fannin, successor in Public Office to appellee John Dekle.

Before BROWN, GEWIN and GOLDBERG, Circuit Judges.

PER CURIAM:

Appellant became a candidate for Supervisor of Registration of Hillsborough County, Florida, in the May, 1964, Democratic primary, and was defeated.

Florida law (F.S.A. § 99.021(1)) requires any candidate in a primary election to swear a party loyalty oath (1) that in the last preceding general election he voted, if at all, for 90 per cent of those of the party's candidates who faced opposition, (2) that he has not

been a member of any other party for two years preceding the current primary election, and (3) that he pledges to vote for 90 per cent of those of the party's candidates who face opposition in the coming general election, and, if he is elected, *during his term of office.* The appellant made such an oath.

Appellant then sought to re-register and change his affiliation from Democratic to Independent on September 24, 1964, but his request was denied by the appellee Dekle because Florida law further does not allow a voter to change his registered party affiliation during the period starting thirty days before the primary and expiring after the general election. F.S.A. § 97.111.

Appellant then brought suit on September 30 in the United States District Court for the Middle District of Florida, seeking an injunction allowing him to re-register as an Independent, and freeing him from the bonds of his party loyalty oath. The court dismissed the complaint for failure to state a claim on which relief could be granted.

 On November 3, 1964, the general election was held. In Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895), the plaintiff sued to secure the right to vote in an election of delegates to a state constitutional convention. The election was held before the case reached the Supreme Court, and therefore that court dismissed the case because no relief could be granted by it. Post election relief was similarly denied in Munoz v. Amador, 340 F.2d 590 (5 Cir. 1965). See also Fair v. Adams, 233 F.Supp. 310 (N.D.Fla.1964). Insofar as it concerns the November, 1964, election, the appellant's cause is moot.

Nor has the appellant stated a valid claim for relief independent of the 1964 election. The party loyalty oath of which he complains binds only candidates for office and officeholders. The record does not show that the appellant is now an officeholder or a candidate, or now expects to become such, or is now prevented from becoming such by the party loyalty oath.

The complaint does suggest in the vaguest terms that the appellant seeks to unshackle himself in possible or hypothetical future quests for public office. Such a hint of a cause of action does not warrant declaratory relief. The court should exercise sound discretion in entertaining declaratory judgment actions, by requiring a full-bodied record developed through adequate adversary proceedings, with all proper parties before the court. The issue posed should be real and substantial, and not merely academic or speculative. Public Affairs Associates v. Rickover, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604 (1962). Eccles v. Peoples Bank, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784 (1948).

Insofar as the appeal concerns the 1964 election it is dismissed as moot. In all other respects the dismissal by the District Court is affirmed.

Appeal dismissed in part and affirmed in part.