Keating, J.
Elliot Katz, a 20-year-old college student, set up a 3-foot by 3-foot card table near the corner of Roosevelt Avenue and Main Street in Queens. Pinned to the table was a sign which stated: ‘‘ Stop the War in Viet Nam. ’’ On the table were various pamphlets containing information relating to the' Vietnam situation. People who stopped at the table were requested to write to either their Congressman or the President protesting the present U. S. policies in Vietnam.
Mr. Katz stands convicted of violating section 692h-1.0 of the Administrative Code of the City of New York, which provides: ‘‘ It shall be unlawful for any person * * * to incumber or obstruct any street * * * with any article or thing whatsoever.” He contends that this statute is unconstitutional on its face, while the People urge that it merely represents a lawful *134 and reasonable exercise of the police power, designed to promote the public interest.[1]
In proscribing any obstruction ‘ ‘ whatsoever ’ ’, section 692h-1.0 has placed upon law enforcement officers the burden of determining in each case what, in their judgment, constitutes an obstruction.[2] The police officer who testified in this case, for example, admitted that he had at times seen tables on the streets of New York and that he had not issued a summons in every case. He stated at the trial: “ If I feel they are violating the law I will ask them to remove the table ’’.
Although there is no allegation in this case that the police officer was guilty of discriminatory enforcement of section 692h-1.0, the broad prohibitive language of the statute together with the lack of any defined standards for judging violations renders it peculiarly susceptible to arbitrary enforcement. Broad regulatory statutes such as section 692h-1.0 have been held unconstitutional, particularly where they operate to restrain the exercise of First Amendment rights.
Cox v. Louisiana (379 U. S. 536) dealt with a statute prohibiting all willful obstructions. It was admitted that, in practice, some parades and meetings were permitted by local officials. In declaring this statute unconstitutional, the court stated (p. 557): “ [T]he lodging of such broad discretion in a public official allows him to determine which expressions of view will be permitted and which will not. This thus sanctions a device for the suppression of the communication of ideas and permits the official to act as a censor.”[3]
In Thornhill v. Alabama (310 U. S. 88, 97-98) a statute prohibiting all picketing at the place of employment was declared unconstitutional, partly because of its susceptibility to arbitrary enforcement: ‘ ‘ The existence of such a statute, which readily lends itself to harsh and discriminatory enforcement by local prosecuting officials, against particular groups deemed to merit *135 their displeasure, results in a continuous and pervasive restraint on all freedom of discussion that might reasonably be regarded as within its purview.”
In Saia v. New York (334 U. S. 558, 562) the Supreme Court held unconstitutional an ordinance prohibiting the use of sound trucks, except with the permission of the Chief of Police. The majority noted that “ Courts must balance the various community interests in passing on the constitutionality of local regulations of the character involved ’’.
The court commented that no standards were prescribed for the issuance or withholding of permits. While it may be necessary to regulate the use of sound trucks, the court found that total prohibition, together with the possibility of arbitrary application of the ordinance, constituted a harsh encroachment on First Amendment rights. A narrowly drawn ordinance regulating hours, places of use and volume of sound would achieve, in the court’s view, the proper balance between the public need for convenience and the necessary safeguarding of constitutional rights.[4]
It is, of course, appropriate for municipalities to enact legislation designed to promote general convenience on public streets. On the other hand, streets have always been recognized as a proper place for the dissemination and exchange of ideas (Kovacs v. Cooper, supra, p. 87). Where á statute is couched in such broad language that it is subject to discriminatory application, the resulting infringement on the exercise of freedom of speech far outweighs the public benefit sought to be achieved. While we are in sympathy with the general purpose of the statute involved in this case, its susceptibility to arbitrary enforcement and its use of total prohibition rather than reasonable regulation render it unconstitutional.
A narrowly drawn ordinance can achieve the public convenience on the streets without sacrificing either individual constitutional rights or the public right to free discussion of matters of public concern.
The judgment should be reversed and the charge dismissed.

. This ordinance has been found unconstitutional as applied to a fact situation similar to the one involved in this case in People v. Strauss (48 Misc 2d 1006).

. Of course, not every object on a public street necessarily obstructs or tends to obstruct it.

. The court noted that it need not consider the constitutionality of a statute which was applied nondiscriminatorily and which prohibited all parades. It is, of course, far easier to show discriminatory application of this type of statute than it is of a general obstruction statute like section 692h-1.0.

. In Kovacs v. Cooper (336 U. S. 77) the court upheld an ordinance prohibiting the use of “ loud and raucous ” sound trucks. The court stressed the use of the terms “ loud and raucous ”, apparently viewing these adjectives as sufficiently specific.