Rhoda SEIDEL and Jerome Seidel, on behalf of themselves, and on behalf of all others similarly situated, Plaintiffs,

v.

William CAHN, District Attorney of Nassau County; Dalton R. Miller, Acting Mayor of Village of Hempstead, New York; and Robert Norton, Acting Police Commissioner of Hempstead, New York, Defendants.

No. 68 C 861.

United States District Court
E. D. New York.

Sept. 6, 1968.

Burt Neuborne, Paul G. Chevigny, New York City, for plaintiffs.

Saul Horowitz, Hempstead, N. Y., for defendants Dalton R. Miller and Robert Norton.

Irving Daniel Neustein, Mineola, N. Y., for defendant William Cahn.

## OPINION

JUDD, District Judge.

This action was brought by two plaintiffs, individually and as members of a class comprising "all persons desiring to render support for Senator Eugene McCarthy's bid for the Democratic nomination for the Presidency in the vicinity of the Village of Hempstead, New York." The complaint seeks (a) a declaratory judgment that an ordinance of the Village of Hempstead forbidding obstruction of streets and sidewalks is unconstitutional as overbroad when applied to political activity, and (b) an injunction against the enforcement of the ordinance, including restraint of a pending prosecution for violation of the ordinance. A temporary restraining order was signed on August 26, 1968. On the day when the motion for preliminary injunction came on for a hearing, Hubert H. Humphrey was nominated for President of the United States at the Democratic Convention, and Senator McCarthy's bid for the nomination terminated. These are events of which the Court may take judicial notice.

The material facts appear without substantial dispute. Plaintiffs and other persons were distributing literature supporting the Presidential nomination campaign of Senator Eugene McCarthy to passersby in a business area in Hempstead. Plaintiffs set up near the curb a portable cardboard box or table measuring three and one-half feet in height and two feet square, on which posters were attached and literature was placed. While there was ten or twelve feet of sidewalk left clear of obstruction, people gathered on the sidewalk around the table, and the arresting officer states

that "The area is very heavily trafficked by pedestrians and vehicles."

Plaintiff Rhoda Seidel was arrested when she refused to remove the table. It is not contended that plaintiffs were prevented from distributing the literature.

The temporary restraining order has expired, and the motion for a preliminary injunction will be denied for reasons set forth in this opinion.

Plaintiffs invoke this Court's jurisdiction under the Civil Rights Act of 1871 (42 U.S.C. § 1983). They seek a declaratory judgment under 28 U.S.C. § 2201 et seq., directed to section 13–6 of the Code of Ordinances of the Village of Hempstead, which provides:

> "No person shall place or leave  *  * upon any sidewalk in the village any goods,  *  *  * boxes, show-stands, papers, dirt,  *  *  * or litter of any kind or character whatsoever  *  *  *;  nor shall any person  *  * permit to remain any obstruction to any sidewalk, street, highway or alley in the village."

Defendants have cross-moved to dismiss the complaint on the grounds, among others, that there is adequate remedy to test the constitutionality of the ordinance in a prosecution pending against one of the plaintiffs in the Village Court of Hempstead, and that the relief sought by declaratory judgment has become academic and moot.

The Court determines that the case no longer has the immediacy and reality which are necessary to require its exercise of discretion to entertain a declaratory judgment action; that plaintiffs' rights can be adequately protected in the defense of the prosecution in the Village Court; and that the complaint should be dismissed as moot.

The attack on the constitutionality of the ordinance is based on the New York Court of Appeals' decision in People v. Katz, 21 N.Y.2d 132, 135, 286 N.Y.S.2d 839 (1967), which dealt with a New York City ordinance that made it unlawful "to incumber or obstruct any street  *  * with any article or thing whatsoever"

(Administrative Code § 692h–1.0). The decision of New York's highest court, that the New York City ordinance was unconstitutional because of its susceptibility to arbitrary enforcement, will be binding on the Village Court in the prosecution for violation of the Hempstead ordinance, although the Village may seek to distinguish the terms of the ordinances and the factual situations.

The duty to entertain this action is to be determined primarily in reference to the decision in Zwickler v. Koota, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). That action was similarly for declaratory and injunctive relief, concerning a New York statute which made it a crime to distribute in quantity any handbill which contains any statement concerning any candidate for public office without printing thereon the names of the printer and the person who requested the distribution. A three-judge court in this district having dismissed the complaint under the doctrine of abstention, and left the plaintiff to obtain relief in the state courts, 261 F.Supp. 985, the Supreme Court accepted an appeal and reversed. The Supreme Court held that the doctrine of abstention should not apply where a statute is attacked as unconstitutional on its face. The Supreme Court remanded the case for a decision on "the appropriateness and the merits of the declaratory request" and on the question "whether an injunction will be 'necessary or appropriate' should appellant's prayer for declaratory relief prevail" (389 U.S. at 254, 255, 88 S.Ct. at 399). On remand, the three-judge court decided that it should grant a declaratory judgment 290 F.Supp. 244, May 6, 1968. The opinion (per Rosling, J.) refers to the severity of the penalties for infraction, and to plaintiff's assertion in that case that he intended to distribute more handbills and that the statute "currently impinges upon his freedom of speech by deterring him from again distributing anonymous handbills" (p. 10). The court proceeded to adjudge the statute (Penal Law, McKinney's Consol. Laws, c. 40, § 781–b,

reenacted as Election Law, McKinney's Consol. Laws, c. 17, § 457) invalid as an abridgement of First Amendment rights, and to grant injunctive relief.* The statute involved in the *Zwickler* case made the first offense a misdemeanor and a subsequent offense a felony. A lower New York court had already upheld the constitutionality of the statute, although the higher court reversed Zwickler's conviction on the ground that he had not distributed anonymous literature "in quantity" (People v. Zwickler, 16 N.Y.2d 1069, 266 N.Y.S.2d 140, 213 N.E. 2d 467 [1965]).

Here there is no threat of possible felony guilt, and there is no assertion that plaintiffs intend to continue their activity after their candidate's defeat.

Cases relating to a particular election have been held moot after the election took place (Munoz v. Amador, 340 F.2d 590 [5th Cir. 1965]; Fair v. Dekle, 367 F.2d 377 [5th Cir. 1966]). See also Mills v. Green, 159 U.S. 651, 16 S.Ct. 132, 40 L.Ed. 293 (1895). This result is consistent with the general rule that "Especially where governmental action is involved, courts should not intervene unless the need for equitable relief is clear, not remote or speculative" (Eccles v. Peoples Bank of Lakewood, 333 U.S. 426, 431, 68 S.Ct. 641, 644, 92 L.Ed. 784 [1948]). See also Lebowich v. O'Connor, 309 F.2d 111 (2nd Cir. 1962) and American Diet-aids v. Celebrezze, 317 F.2d 658 (2nd Cir. 1963).

The considerations which have led to dismissal of the action for declaratory judgment similarly lead to dismissal of the complaint insofar as it seeks an injunction against prosecution in the Village Court.

■ The Supreme Court in the *Zwickler* case reaffirmed the policy that "a federal district court should be slow to act 'where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court'" (389 U.S. at 253, 88 S.Ct. at 398), quoting from Douglas v. City of Jeanette, 319 U.S. 157, 162, 63 S.Ct. 877, 87 L.Ed. 1324 (1943). What the Supreme Court said in the *Douglas* case, 319 U.S. at 164, 87 S.Ct. at 881, is equally applicable here:

> "It does not appear from the record that petitioners have been threatened with any injury other than that incidental to every criminal proceeding brought lawfully and in good faith, or that a federal court of equity by withdrawing the determination of guilt from the state courts could rightly afford petitioners any protection which they could not secure by prompt trial and appeal pursued to this Court."

Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) does not alter this conclusion. There, the complaint alleged repeated prosecutions in bad faith, without hope of success, in order to harass and discourage efforts to vindicate the constitutional rights of Negro citizens. Plaintiffs' reliance on the *Dombrowski* case does not require this court to retain jurisdiction of the present action.

The motion for a preliminary injunction is denied.

The motion to dismiss the complaint is granted.

(Doc. No. 370, 37 U.S.L.W. 3117, October 15, 1968.)

---

* The judgment was stayed on July 8, 1968 pending an appeal to be considered at the Supreme Court's October, 1968 Term.