DELBART DUCHEIN, Appellant, v. JOHN V. LINDSAY, as Mayor of City of New York, et al., Respondents.

First Department, June 28, 1973.

*John E. Kirklin.* of counsel (*Gerald Mann* with him on the brief), for appellant.

*Nina G. Goldstein* of counsel (*Stanley Buchsbaum* with her on the brief; *Norman Redlich, Corporation Counsel*), for respondents.

*Per Curiam.* Plaintiff-appellant is an artist who creates and peddles his works upon the streets of this city. He seeks in this proceeding to have declared unconstitutional rules and regulations 13 through 16 of the New York City Department of Consumer Affairs, relating to licensed peddlers, as well as an injunction against their enforcement. Special Term granted defendant-respondent city's motion for summary judgment, declaring the regulations constitutionally valid, and denied plaintiff's motion for summary judgment. The appeal is from the judgment entered on that decision and order. The main thrust of plaintiff's attack is that the regulations are violative of due process, are discriminatory and deny equal protection of the laws, are vague, and are unduly broad in relation to legitimate governmental purpose. A second attack, based on First Amendment claims, is to the effect that the regulations restrict plaintiff's freedom of expression as an artist; the short answer is that there is no such restriction, the regulations having only to do with the commercial aspects of plaintiff's activities as he peddles the tangible manifestations of his otherwise untrammeled freedom of expression. The attack is in no wise based on the visitation of sanctions on plaintiff, for he has chosen not to answer the almost countless numbers of summonses served on him. Thus, consideration of this appeal must be restricted to the regulations as they read on their face.

The subject regulations follow: (To facilitate consideration herein, subdivision letters, that do not appear in the original, are added to regulations 13 and 15 for purposes of reference.)

" 13. No licensee shall operate [a] within 500 feet of any public market or enclosed market under the jurisdiction of the Department of Consumer Affairs, nor [b] within 250 feet of any park or parkway, beach, boardwalk, playground, swimming

pool, recreation center or other property or facilities under the jurisdiction of the Department of Parks; nor [c] within 100 feet of any store selling the same commodity; nor [d] within 200 feet of any public or private school while same is in session or a church during services.

" 14. No licensee shall permit his cart, wagon, automobile or other receptacle to stand on any street within 25 feet of any intersection or to remain on the sidewalk at any time.

" 15. [a] No licensee or his vehicle shall remain upon or otherwise encumber the street in front of or within fifty (50) feet of any premises if the owner, lessee or tenant thereof objects thereto; nor [b] shall a licensee or his vehicle remain within two hundred fifty (250) feet of any premises selling the same commodity if the owner or operator thereof objects thereto.

" 16. No licensee shall operate upon any of the restricted streets enumerated in the schedule issued to the applicant on the granting of a license. [The list of restricted streets is annexed to the complaint.] "

At the outset, it is noted that the purpose of the regulations is consonant with their name, and that therefore they are not in apparent conflict with the holding in *Good Humor Corp.* v. *City of New York* (290 N. Y. 312). The question, then, is whether they regulate within recognized constitutional principles. With certain noted exceptions, all four of the regulations appear to relate rationally to evils which the State has authority as well as responsibility to curb and control. (See *Ferguson* v. *Skrupa,* 372 U. S. 726.) It is virtually axiomatic that problems of traffic congestion, public disorder, littering, obstruction of free passage, and related problems of public safety and convenience are legitimate concerns of government. This being so, the expertise of the authorities having responsibility in these areas should be accorded great weight. (See *Lincoln Bldg. Assoc.* v. *Barr,* 1 N Y 2d 413.) There are, however, as has been said, certain exceptions to total acceptance of the regulations as constitutional. We uphold regulation 14 as a proper control of traffic at intersections and on sidewalks.

As to regulation 15, and regulation 13, " subdivision " [c], owners and occupants of property have certain rights which they may exercise in respect of the area in front of owned or demised premises. (See *Decker* v. *Goddard,* 233 App. Div. 139.) Thus, regulation 15, " subdivision " [a] is held to be constitutionally valid. Nor is it simply a stifling of competition to recognize these rights, particularly when envisioning a merchant vis-à-vis a peddler selling a commodity dealt in by that merchant,

for the possibilities of public disorder flowing from such a conflict are obvious. However, we do not appreciate the rationale for the difference between regulation 13, " subdivision " [c] [100 feet from store selling same commodity] and regulation 15, " subdivision " [b] [250 feet, same circumstances], and it is not for us to select between them; both must be stricken, particularly since it appears that even the shorter distance does not fall within *Decker (supra)*. As to regulation 13, " subdivision " [d] [200 feet from school or church], that distance, less than a city block, is appropriate when considering possibilities of disturbance and disorder, but this is not so as to distance in weighing " subdivisions " [a] [500 feet from public market] or [b] [250 feet from park or similar facility]. These two interdictions will be stricken, and may easily be redrawn narrowly. (*People* v. *Katz*, 21 N Y 2d 132, 135.)

There remains for consideration only regulation 16, restricting certain streets against peddling, and for considerations of congestion, traffic control, and similar problems, we cannot quarrel with the judgment of defendant-respondent Commissioner in this regard. We do take notice that the list contains some of the most congested areas in this city.

Accordingly, the judgment herein of Supreme Court, New York County (GELLINOFF, J.), entered April 20, 1973, should be modified, on the law, to deny defendant-respondent's motion for summary judgment and to grant that of plaintiff-appellant to the extent herein set forth, and to declare unconstitutional, invalid and void, the rules and regulations of the New York City Department of Consumer Affairs relating to licensed peddlers in the following respects: Regulation 13, by striking out all except the following language: " No licensee shall operate within 200 feet of any public or private school while same is in session, or a church during services."; Regulation 15, by striking out all words following the semicolon therein; and to direct a permanent injunction against defendant-respondent against enforcement of those portions of regulations 13 and 15 hereby stricken, and to declare constitutionally valid regulations 14 and 16 and the remainder of regulations 13 and 15 after the foregoing deletions, and should be otherwise affirmed, without costs.

Settle order.

MARKEWICH, J. P., MURPHY, CAPOZZOLI and MACKEN, JJ., concur; STEUER, J., concurs in result.

Judgment, Supreme Court, New York County, entered on April 20, 1973, unanimously modified, on the law, to deny defend-

ant-respondent's motion for summary judgment and to grant that of plaintiff-appellant to the extent herein set forth, and to declare unconstitutional, invalid and void, the rules and regulations of the New York City Department of Consumer Affairs relating to licensed peddlers in the following respects: Regulation 13, by striking out all except the following language: " No licensee shall operate within 200 feet of any public or private school while same is in session, or a church during services."; Regulation 15, by striking out all words following the semicolon therein; and to direct a permanent injunction against defendant-respondent against enforcement of those portions of regulations 13 and 15 hereby stricken, and to declare constitutionally valid regulations 14 and 16 and the remainder of regulations 13 and 15 after the foregoing deletions, and otherwise affirmed, without costs and without disbursements.

Settle order on notice.