OPINION OF THE COURT
Loren N. Brown, J.
The plaintiff moves for an order, by way of summary judgment, declaring the recent amendment of Code of the City of Saratoga Springs, chapter 57, § 57-3 unconstitutional, and permanently enjoining the defendant from enforcing the amended portions of the ordinance. The defendant cross-moves for summary judgment in its favor.
The provisions of the ordinance at issue read as follows;
“Section 57-3 Prohibition of Commodities on Streets in Certain Areas — License required in Other Areas.
“It shall be unlawful to sell or offer any commodity whatsoever from any motor vehicle or any vehicle or cart of any kind or from any person, box or stand at any time on any street alley or public way from the following locations * * *
“3. On all streets alleys or public ways within 500 feet of the lands of the New York Racing Authority.”
For the past three Augusts, after obtaining the necessary license, the plaintiff has sold souvenirs at the back gate of the Saratoga Race Track. The amendment would eliminate that site for the sale of souvenirs, and according to the plaintiff, the removal of his stand to a place no closer than 500 feet from the *1030 lands of the race track would be tantamount to abolishing his street vending business. In opposition, the defendant alleges that the amendment is intended to alleviate the congestion surrounding the race track on race days, and that its enactment is well within the city’s police powers.
It is well settled that control of traffic congestion, and problems relating to free access of public streets are within the province of the police power, and great weight is given to the expertise of local authorities. (Duchein v Lindsay, 42 AD2d 100.) Nevertheless, regulations which seek to control street vending may not be unreasonable. (Trio Distrib. Corp. v City of Albany, 2 NY2d 690.)
The papers submitted by the defendant show a legitimate need to regulate traffic at the race track on racing days. However, nothing in the papers justifies the city’s overkill method which, in essence, establishes a “dead zone” for street peddlers for 500 feet around the rather substantial land holding of the New York Racing Authority. (See, Duchein v Lindsay, supra, at p 103.) Clearly, desired control could and should be achieved by more narrowly drawn regulations of peddlers, themselves, or the areas in which they may sell their goods. (People v Katz, 21 NY2d 132.)
The court concludes that the disputed amendment has the harsh, dramatic effect of abolishing street vending rather than regulating the same. To abide by the amendment the plaintiff would be required to move into residential areas where other limitations are imposed and which are otherwise not suitable to the plaintiff’s purposes.
Accordingly, while recognizing the defendant’s power to establish reasonable regulations and while recognizing the strong presumption of constitutionality, the court will, nonetheless, strike down as unconstitutional this contested amended ordinance.