See also 142 F.R.D. 60.

### In re JOINT EASTERN AND SOUTHERN DISTRICT ASBESTOS LITIGATION.

### This Document Relates to: All Powerhouse Cases.

### OWENS–CORNING FIBERGLAS CORPORATION, Defendant and Third–Party Plaintiff,

v.

### LONG ISLAND LIGHTING COMPANY, Fourth–Party Plaintiff–Appellee,

v.

### ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LTD., (AEGIS), Fourth–Party Defendant–Appellant.

### No. 821, Docket 92–7683.

United States Court of Appeals, Second Circuit.

Argued Jan. 14, 1993.

Decided May 20, 1993.

Thomas A. Harnett, New York City (Edward C. Cerny III, David A. Conforti, Lane & Mittendorf, of counsel), for fourth-party defendant-appellant.

James C. Munson, Chicago, IL (David M. Elston, Robert B. Ellis, Kirkland & Ellis, Chicago, IL, Robert J. Grey, General Counsel for Long Island Lighting Company, Hicksville, NY, of counsel), for fourth-party plaintiff-appellee.

Before MESKILL, Chief Judge, VAN GRAAFEILAND, and CARDAMONE, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Fourth-party defendant Associated Electric & Gas Insurance Services Ltd. ("AEGIS") appeals from orders of the United States District Courts for the Eastern and Southern Districts of New York (Weinstein, J.) which denied its motion to dismiss the fourth-party complaint of Long Island Lighting Company ("LILCO") seeking a declaratory judgment and granted in part and denied in part AEGIS's motion to compel arbitration. For the reasons that follow, we vacate and remand.

As a general rule, an appellate court cannot perform its reviewing function properly unless all of the determinative facts are made available to it. This is particularly true where the appeal involves an exercise of discretion by the lower court that is subject to de novo review. A trial court's exercise of declaratory jurisdiction is both discretionary and subject to de novo review. Broadview Chem. Corp. v. Loctite Corp., 417 F.2d 998, 1000 (2d Cir.1969), cert. denied, 397 U.S. 1064, 90 S.Ct. 1502, 25 L.Ed.2d 686 (1970). It follows that an appellate court should review a district court's declaratory judgment decision only on an "adequate and full-bodied record." See Public Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 113, 82 S.Ct. 580, 582, 7 L.Ed.2d 604 (1962); Fair v. Dekle, 367 F.2d 377, 378 (5th Cir.1966), cert. denied, 386 U.S. 996, 87 S.Ct. 1316, 18 L.Ed.2d 344 (1967). The record in the instant case does not meet this exacting standard.

Between 1976 and 1991, AEGIS provided LILCO with excess liability insurance coverage, first on an "occurrence" basis and later on a "claims-first-made" basis. Both policies provided for "ultimate net loss" recovery, which, in substance, required LILCO to exhaust first a self-insured retention, which increased over time from $200,000 to $500,000, and all other available insurance covering the same claim before seeking indemnity from AEGIS. The policies also provided that AEGIS would not be asked to assume charge of the settlement or defense of any claim made against LILCO.

It appears from the pleadings, affidavits and oral arguments below that Owens–Corning Fiberglas Corporation ("OCF") was one of several asbestos manufacturers sued by hundreds of individuals claiming asbestos injuries. OCF then brought a third-party action against some thirty-one third-party defendants, including LILCO, seeking contribution and/or indemnity. LILCO in turn brought a fourth-party action for declaratory judgment against thirty-seven insurance companies, which had insured LILCO over a period of fifty-four years by means of more than 300 policies. AEGIS was one of the thirty-seven. LILCO requested declarations that AEGIS was obligated under its policy to indemnify LILCO and to either defend LILCO or reimburse it for defense expenses. LILCO also requested an award of attorneys' fees and costs of the suit and such further relief as the court deemed proper.

As best we can determine from an unsatisfactory record, LILCO has settled with all the plaintiffs and insurers. However, LILCO has refused to disclose either the terms of the settlements or the amount of available insurance. The "coverage" furnished by AEGIS is the amount and extent of the risk it contractually assumed, as specified in the insuring clause and exclusions. See Albert J. Schiff Assocs., Inc. v. Flack, 51 N.Y.2d 692, 698, 435 N.Y.S.2d 972, 417 N.E.2d 84 (1980); Molina v. United States Fire Ins. Co., 574 F.2d 1176, 1178 (4th Cir. 1978); Guaranty Nat'l Ins. Co. v. Bayside Resort, Inc., 635 F.Supp. 1456, 1458 (D.V.I. 1986); Wright v. Newman, 598 F.Supp. 1178, 1197 (W.D.Mo.1984), aff'd, 767 F.2d 460 (8th Cir.1985); 18 Couch on Insurance § 71.40

(2d ed. 1983). As stated in its policies, AEGIS's coverage is triggered only after the primary coverage is exhausted.

We do not know whether the primary coverage has been exhausted or even whether there is a "practical likelihood" that it will be exhausted. *See Associated Indem. Corp. v. Fairchild Indus., Inc.*, 961 F.2d 32, 35 (2d Cir.1992). We cannot make this determination until LILCO has placed all the cards on the table for us to see.

We vacate the order of the district court, including that portion dealing with requested arbitration, without prejudice to a renewed application therefor upon a more complete disclosure of the facts concerning available insurance, settlements agreed upon with both plaintiffs and carriers, and payments made or promised thereunder.

Costs to fourth-party defendant-appellant AEGIS.